Carrollton A. Roberts, J.
This is a petition to dismiss a proceeding heretofore commenced by the New York State Division of Human Rights in regard to Michael A. Richards and Emily Richards on the complaint of one Leo S. Saucer. Saucer alleges discrimination by reason of race in the rental of premises owned by Mr. and Mrs. Richards. Mr. and Mrs. Richards allege affirmatively that the subject premises is a two-family home at 108 Burrows Street in Rochester, New York, where *411 they reside and occupy one apartment and rent the other. As such, they rely on paragraph (a) of subdivision 5 of section 296 of the Executive Law (art. 15) which exempts from the operation of the statute the rental of “ a housing accommodation in a building which contains housing accommodations for not more than two families living independently of each other, if the owner or members of his family reside in one of such housing accommodations ”. The Commissioner takes the position that the mere allegation that the premises fall within the exemption of subdivision 5 of section 296 cannot be deemed the final basis for a finding by this court to that effect. The court agrees with that contention and hereby orders a hearing, for which application can be made at Part I, to determine the underlying fact question whether the premises fall within the statutory exemption.
The Commissioner also argues that by reason of the recently decided case of Jones v. Mayer Co. (392 U. S. 409), the exemption of subdivision 5 of section 296 of the Executive Law is unconstitutional with the result that the jurisdiction of the commission is expanded to now include the hitherto exempted activities involving two-family dwellings. This same argument was made in the recent case of Matter of Berback v. Mangum (59 Misc 2d 41, 48-49). There, the court held that the holding of the Mayer case was not incompatible with the exemption in subdivision 5 of section 296 of the Executive Law and that the exemption therefore was constitutional and binding in terms of jurisdiction upon the commission. Concluding, the court stated that “ Both the Congress of the United States and the New York State Legislature have thus determined certain applicable exemptions in the respective statutes and thereby included, in varying degrees, the legal assumption that 1 a man’s house is regarded as his castle ’, or as was anciently said,1 his tutissimum refugium ’ * * * ”. Agreed that a man’s home may be his castle, but any such property right must today be subordinate and subject to the personal right of citizens to enjoy equal housing opportunities regardless of the type of premises involved. This court is not constrained to follow the Berbaek case with respect to the determination therein of the constitutionality of subdivision 5 of section 296 of the Executive Law.
Section 1982 of title 42 of the United States Code, the provision upon which the Mayer case turned, provides that 1‘ All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.” It seems to this court that this provision places in *412 question the constitutionality of subdivision 5 of section 296 of the Executive Law and, to that extent, the Commissioner may be correct in asserting that this provision is unconstitutional. Parenthetically, an argument based upon the holding of Shelley v. Kraemer (334 U. S. 1), that judicial enforcement of the exemption of subdivision 5 of section 296 of the Executive Law amounts to State participation in private discrimination to a significant degree, would similarly raise the constitutional question. This, however, does not mean that simply by reason of the fact that the exemption may be unconstitutional, the jurisdiction of the commission is expanded to include a category of cases previously excluded. It is to be remembered that the aggrieved parties in Mayer instituted a private suit on the ground of both a deprivation of equal protection of the law as set forth in the Fourteenth Amendment and also a violation of section 1982 of title 42 of the United States Code. The complainant in the instant situation certainly has the same privilege. (See, also, Reitman v. Mulkey, 387 U. S. 369.) While the Mayer case unquestionably resurrected a private right of action which had lain in disuse for a number of decades, this court is unwilling to conclude that the Mayer holding must operate to expand the jurisdiction of an administrative body whose very function depends upon a statutory enabling act.
While, as stated previously, the constitutionality of subdivision 5 of section 296 of the Executive Law as it pertains to the subject exemption is in question, this court makes no determination thereon. Even if subdivision 5 of section 296 of the Executive Law is unconstitutional, this fact alone would not in the opinion, of this court serve to expand the jurisdiction of the commission to the previously exempted property. The Legislature might well determine that these cases are without the division’s jurisdiction, leaving them for private disposition in suits commenced under section 1982 of title 42 of the United States Code. At this juncture, it remains for the Legislature to repeal subdivision 5 of section 296 of the Executive Law and to redefine the jurisdiction of the division. Until such determination, the complainant is not prejudiced insofar as the Mayer case guarantees to him a private right of action against the owners in the instant situation.
Accordingly, in the event it is determined after hearing that the subject property falls within the exemption, this administrative proceeding must be in all respects discontinued and dismissed. Further recourse by the complainant in such case would have to await a direct action under section 1982 of title 42 of the United States Code.